# DEFENDANT'S EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| HALOZYME, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:16-cv-1580 |
| | ) | (CMH/JFA) |
| MICHELLE K. LEE, | ) | |
|   Under Secretary of Commerce for | ) | |
|   Intellectual Property and Director | ) | |
|   of the United States Patent and Trademark | ) | |
|   Office, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 33 and 34, defendant, through undersigned counsel, hereby respectfully propounds her first set of requests for production of documents and interrogatories upon plaintiff in the above-captioned matter.

**Definitions**

1.    "Document" or "record" has the meaning set forth in Rule 1001 of the Federal Rules of Evidence, and also refers to any and all printed, typewritten, handwritten, or drawn matters, and electronically stored information, of whatever character, and all reproductions and drafts thereof, including, but not limited to e-mails, voicemails, reports, records, ledgers, books of account, invoices, receipts, calendars, letters, telegrams, handwritten notes, diaries, correspondence, minutes, contracts, agreements, brochures, maps, diagrams, graphs (statistical or other), tables, tabulations, charts, illustrations, publications, and transcriptions, in whatever form maintained, including, but not limited to mechanical, electronic, or photographic means such as

punch cards, tape recordings, or microfilms. Additionally, any and all attachments or enclosures to a document are deemed to be part of the document, and any non-identical copies of a document (whether different from the original because of notes made on the copy or otherwise) are deemed to be distinct documents.

2. "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, conversations, telephone calls, letters, electronic mail, telegrams, video transmissions, facsimiles, and a person(s) seeing or hearing any information by any means.

3. "You," "your," "plaintiff," and "plaintiff's" (without specific designation) shall mean the Plaintiff in the above-captioned case, and all of its subsidiaries, divisions, affiliates, present and former officers, directors, employees, related corporations or partnerships, and agents.

4. "And" and "or" shall be construed conjunctively and disjunctively.

5. "Each" means each and every.

6. "Relating to" means consisting of, embodying, summarizing, describing, mentioning, or in any way pertaining to.

7. "This action" means *Halozyme, Inc. v. Lee*, Civil Action No. 1:16-cv-1580 (E.D. Va.).

8. "The '171 Application" shall mean U.S. Patent Application Serial No. 11/238,171.

9. "Board" shall mean the Patent Trial and Appeal Board.

10. "Decisions" shall mean the decisions of the Patent Trial and Appeal Board concerning U.S. Patent Application Serial No. 11/238,171, found at pages A2211-2222 and A2237-2239 of the Administrative Record.

11. "Rejected claims of the '171 Application" or "rejected claims" shall mean claims 264-66, 278, 291-93, 295-98, 300, and 303 in the above-captioned case, as listed in the Claims Appendix of the Applicant's Appeal Brief to the Patent Trial and Appeal Board found at pages A1248-1250 of the Administrative Record.

12. The "invention(s) claimed in the '171 Application" shall refer to the alleged inventions recited by the rejected claims of the '171 Application.

13. The singular form of any word shall also be construed as the plural, and vice versa. Verbs shall be construed as though they were in the past tense, the present and future tense.

//
//

**REQUESTS FOR PRODUCTION**

I. **Instructions**

1. When asked to produce a document, the request is for documents within your actual or constructive control. Your answers must therefore include not only documents available to you, but also documents that are available to your attorneys, associates, employees, representatives, and all other persons acting under, by, or through you, or subject to your control or supervision, or activing on your behalf.

2. If you cannot produce a requested document, please provide the facts you rely upon in support of your contentions that you cannot do so. To the extent that a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity. If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld or redacted based on an assertion of privilege.

3. If you formerly possessed a document that would be responsive to these requests, but are no longer in possession of such a document, please identify that document in your responses and the reason that you are no longer in possession of the document.

4. These document production requests are to be deemed continuing to the full extent allowed by law.

II. **Requests for Production**

1. All documents (other than those documents in the Administrative Record (A1-A2239)) upon which you intend to rely in this action.

2. All documents (other than those documents in the Administrative Record (A1-A2239)) that you reviewed, consulted, or upon which you relied in preparing the complaint in this action.

3. All documents (other than those documents in the Administrative Record (A1-A2239)) relating to this action, the '171 Application, or the subject matter of the '171 Application.

4. All documents (other than those documents in the Administrative Record (A1-A2239)) that you intend to introduce as exhibits in this action.

5. All documents (other than those documents in the Administrative Record (A1-A2239)) relating to any non-privileged communications relating to this action, the '171 Application, or the subject matter of the '171 Application.

6. All documents (other than those documents in the Administrative Record (A1-A2239)) relating to the filing, prosecution, abandonment, or revival of the '171 Application.

7. All documents (other than those documents in the Administrative Record (A1-A2239)) relating to any assignment of '171 Application.

8. A copy of the curriculum vitae for each of the named inventors of the '171 Application.

9. All documents relating to any reduction to practice, either actual or attempted, of the invention(s) claimed in the '171 Application by or on behalf of any of the named inventors in the '171 Application.

10. Documents (other than those documents in the Administrative Record (A1-A2239)) sufficient to show the state of the art, including the scope and the content of any prior art, at the time the '171 Application was filed.

11. All documents you intend to rely upon as evidence of a particular level of ordinary skill in the art relating to the subject matter of the '171 Application.

12. All documents relating to any alleged embodiment of the invention(s) claimed in the '171 Application.

13. All documents relating to any past or current ownership of the '171 Application or any patent that issues from the '171 Application.

14. All documents relating to any financial or other interest in the outcome of this action.

15. An organizational chart for Halozyme, Inc., or documents sufficient to identify all employees of Halozyme, Inc.

16. All documents relating to any financial or other rights or interests in the '171 Application, any patent that issues from the '171 Application, or any attempts to monetize any alleged invention(s) disclosed in the '171 Application.

17. All documents relating to any agreements relating to this action, the '171 Application, or the subject matter disclosed in the '171 Application.

18. All documents relating to any intellectual property rights (including without limitation copyright, trade secret, or patent rights) relating to the subject matter disclosed in the '171 Application.

19. All documents relating to Louis Bookbinder's employment with Halozyme, Inc., including but not limited to documents memorializing any rights or conditions of employment.

20. All documents relating to Anirban Kundu's employment with Halozyme, Inc. including but not limited to documents memorializing any rights or conditions of employment.

21. All documents relating to Gregory Frost's employment with Halozyme, Inc. including but not limited to documents memorializing any rights or conditions of employment.

22. All documents, including lab notebooks, relating to Louis Bookbinder's work on the invention(s) claimed in the '171 Application.

23. All documents, including lab notebooks, relating to Anirban Kundu's work on the invention(s) claimed in the '171 Application.

24. All documents, including lab notebooks, relating to Gregory Frost's work on the invention(s) claimed in the '171 Application.

25. All documents, including lab notebooks, relating to the conception and reduction to practice of the invention(s) claimed in the '171 Application.

26. All communications relating to the conception and reduction to practice of the invention(s) claimed in the '171 Application.

27. All documents (other than those documents in the Administrative Record (A1-A2239)) relating to PEGylation (the attachment of polyethylene glycol (PEG) moieties to a biologically relevant molecule, e.g., protein).

28. All communications relating to PEGylation (the attachment of polyethylene glycol (PEG) moieties to a biologically relevant molecule, e.g., protein).

29. All communications with any entity disclosed in the '171 Application relating to PEGylation (the attachment of polyethylene glycol (PEG) moieties to a biologically relevant molecule, e.g., protein).

30. All communications with any entity disclosed in the '171 Application relating to the invention(s) claimed of the '171 Application.

31. All documents relating to PEGylation (the attachment of polyethylene glycol (PEG) moieties to a biologically relevant molecule, e.g., protein), including catalogues and instructions, obtained from any entity listed in the '171 Application.

32. All documents relating to the PEGylation (the attachment of polyethylene glycol (PEG) moieties to a biologically relevant molecule, e.g., protein) of hyaluronidases as disclosed in the '171 Application.

33. All documents relating to any agreements between Halozyme and any named inventors in the '171 Application (including without limitation Louis Bookbinder, Anirban Kundu and Gregory Frost).

34. All agreements or other documents relating to any prior or expected testimony you intend to rely upon in this action.

35. To the extent not responsive to the above requests, all documents (other than those documents in the Administrative Record (A1-A2239)) that you utilized, relied upon, reviewed, or consulted in responding to any interrogatory served in this action.

36. To the extent not responsive to the above requests, all documents (other than those documents in the Administrative Record (A1-A2239)) referring or relating to any of the allegations in the complaint in this action or any claims or defenses pled in this action.

37. All publications (including current or prior Internet postings) authored by any of the named inventors in the '171 Application and relating to the subject matter of the '171 Application.

38. All publications (including current or prior Internet postings) authored by any of the named inventors in the '171 Application and relating to patent law, including without limitation the patentability requirements of 35 U.S.C. §§ 102, 103, and 112 and the patent eligibility requirements of 35 U.S.C. § 101.

39. All documents relied upon by any affiant or declarant in formulating his or her statements in any affidavit or declaration relating to matters raised in this litigation.

40. All documents demonstrating or undermining any secondary or objective considerations, including but not limited to (i) commercial success of any purported invention encompassed by the rejected claims, including documents demonstrating a nexus between such purported invention and the rejected claims; (ii) long felt but unsolved need; and (iii) unexpected results.

41. All documents relating to any dispute or litigation concerning the '171 Application or the subject matter of the '171 Application.

42. All documents relating to the development, marketing, licensing and/or commercialization of the invention(s) claimed in the '171 Application.

43. All communications related to the development, marketing, licensing and/or commercialization of the invention(s) claimed in the '171 Application.

44. All documents (other than those documents in the Administrative Record (A1- A2239)), identified in Halozyme's Initial Disclosures.

45. All communications demonstrating or undermining any secondary or objective considerations, including but not limited to (i) commercial success of any purported invention encompassed by the rejected claims, including documents demonstrating a nexus between such purported invention and the rejected claims; (ii) long felt but unsolved need; and (iii) unexpected results.

## INTERROGATORIES

### I. Instructions

1. When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that available to your attorneys, colleagues, associates, employees, representatives, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

2. If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so. To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity. Similarly, if you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3. If you produce any document in response to one or more of the interrogatories, please indicate which interrogatory or part thereof the document responds to. These interrogatories are to be deemed continuing to the full extent allowed by law.

### II. Interrogatories

1. Identify all persons from whom you intend to elicit testimony in this action and describe in detail the substance of their expected testimony.

2. Identify all documents and evidence that you intend to use as exhibits in this action.

3. Identify the level of ordinary skill in the art.

4.      Describe in detail any attempted actual reductions to practice of the invention(s) claimed in the '171 Application.

5.      Describe in detail the conception and reduction to practice (actual and constructive) of the invention(s) claimed in the '171 Application.

6.      Describe in detail the basis for your contention that "Plaintiff's pending patent application claims should have been allowed by the USPTO."

7.      Describe in detail the basis for your contention that "secondary factors of nonobviousness, such as commercial success, long felt need, and unexpected results, further establish the nonobviousness of the invention claimed."

8.      Describe in detail the basis for your contention that Louis Bookbinder, Anirban Kundu and Gregory Frost "conceived of, and reduced to practice, a pharmaceutical composition comprising human-derived hyaluronidase with three to six PEG moieties attached to the glycoprotein's molecule via its lysine residues."

9.      Identify all evidence, on a claim-by-claim and limitation-by-limitation basis, that you contend provides written description support for the invention(s) claimed in the '171 Application.

                                  Respectfully submitted,

                                  DANA J. BOENTE
                                  UNITED STATES ATTORNEY

By:    /s/ Ayana N. Free
        AYANA N. FREE
        Assistant U.S. Attorney
        U.S. Attorney's Office
        2100 Jamieson Avenue

                                                            Alexandria, Virginia 22314
                                                            Telephone: (703) 299-3785
                                                            Fax:        (703) 299-3983
                                                            Email:  ayana.free@usdoj.gov
DATE: March 31, 2017                      ATTORNEYS FOR DEFENDANT

                                                            OF COUNSEL:
                                                            Frances M. Lynch
                                                            Jeremiah S. Helm
                                                            Associate Solicitors
                                                            United States Patent & Trademark Office

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true copy of the foregoing was served on Plaintiff electronically and by first class mail addressed to:

William G. Gaede, III
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Email:  wgaede@mwe.com

Joshua D. Rogaczewski
MCDERMOTT WILL & EMERY LLP
500 N. Capital St., N.W.
Washington, DC 20001
Telephone: (202) 756-8080
Fax: (202) 592-2727
Email:  jrogaczewski@mwe.com

ATTORNEYS FOR PLAINTIFF

Date:  March 31, 2017

*Ayana N. Free*
AYANA N. FREE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3785
Fax:         (703) 299-3983
Email:  ayana.free@usdoj.gov

ATTORNEYS FOR DEFENDANT