IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

HALOZYME, INC.,

    Plaintiff,

v.      Civil Action No. 1:16-cv-1580

ANDREI IANCU,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Andrei Iancu's, Under Secretary of the United States Patent and Trademark Office ("USPTO"), motion for expenses under 35 U.S.C. § 145 and partial motion to stay consideration of personnel expenses.

Halozyme brought this action pursuant to 35 U.S.C. § 145, challenging a final decision issued by the USPTO's Patent Trial and Appeal Board (the "Board") which affirmed the rejections of claims in U.S. Patent Application 11/238,171 ("the '171 application"). The claims were rejected on four independent grounds:

- unpatentable under obviousness-type double pantenting ("ODP") over claims 9 and 10 of U.S. Patent No. 7,767,429 ("the '429 patent") in view of the U.S. Patent No. 5,766,897 ("Braxton") and U.S. Patent No. 6,552,170 ("Thompson");

- unpatentable under ODP over claims 4 and 5 of U.S. Patent No. 7,846,431 ("the '431 patent") in view of Braxton and Thompson;

- unpatentable under ODP over claims 5 and 6 of U.S. Patent No. 7,829,081 ("the '081 patent") in view of Braxton and Thompson; and

- obvious under 35 U.S.C. § 103(a) over WO 2004/078140 ("Bookbinder"), Braxton, and Thompson.

Halozyme was informed by the Patent Examiner during prosecution of the patent that timely-filed terminal disclaimers may be used to overcome obviousness-type double patenting rejections, but Halozyme chose not to file a terminal disclaimer to overcome any of the ODP rejections.

Halozyme is the assignee of the '171 application. The application was filed in September 2005, and is a continuation-in-part application of U.S. Patent Application No. 11/065,716 ("the '716 application"), which was filed in February 2005.

Halozyme filed its complaint in this Court on December 19, 2016, alleging that the Board erred in affirming the four rejections made by the Examiner. Halozyme amended its complaint on July 3, 2017, removing its request for judicial review of some of the claims at issue in the action, and adding an allegation that the USPTO erred by considering Bookbinder to be prior art. On August 17, 2017, Halozyme amended its complaint again, leaving only claims 295-298, 300, and 303 at issue in this action. This Court began a bench trial on November 13, 2017, which continued

2

until November 15, 2017. On July 31, 2018, after trial and post-trial briefing, this Court issued a decision in favor of the USPTO, denying Halozyme's claim for relief. On August 28, 2018, USPTO submitted the current Motion for Expenses Under 35 U.S.C. § 145 and Partial Motion to Stay Consideration of Personnel Expenses.

First, under 35 U.S.C. § 145 USPTO requests an order requiring Halozyme to reimburse the USPTO for non-personnel expenses incurred by the USPTO and the Department of Justice ("DOJ"). Unsuccessful patent applicants have two options in which to seek Article III review of the PTAB's decision denying their application. Applicants may take a direct appeal from the PTAB to the Federal Circuit under 35 U.S.C. § 141, or applicants may file a civil action in this Court under 35 U.S.C. § 145. In the current case, Halozyme chose to file a civil action in this Court and submit evidence in addition to the administrative record of proceedings before the USPTO under 35 U.S.C. § 145. The statute provides that "All the expenses of the proceedings shall be paid by the applicant." 35 U.S.C. § 145. Expenses are "commonly understood to encompass" printing, travel, and expert witness costs. NantKwest v. Lee, 162 F. Supp. 3d 540, 543 (E.D.Va. 2016). Furthermore, applicants are only responsible for expenses that are reasonable. Sandvik Aktiebolag v. Samuels, No. 89-3127, 1991 WL 25774 at *1.

USPTO seeks reimbursement from Halozyme for non-personnel expenses incurred by the USPTO in the amount of $454,927.96 for its expert witness expenses and $1,992.72 for the travel expenses; and the DOJ in the amount of $17,404.04 for court reporter and transcript expenses.

Halozyme concedes that it is responsible for $410,433.34 of the $474,323.72 sought by USPTO and DOJ. However, Halozyme challenges $46,487.34 of the USPTO's asserted expert witness expenses. Halozyme argues the expenses related to one of the expert witnesses', Dr. Forrest, work immediately prior to and during trial were unreasonable. Halozyme argues that as of August 2017, Dr. Forrest's opinions were irrelevant because his testimony was exclusively limited to claims that were no longer at issue in the case. Halozyme contends it objected to Dr. Forrest's testimony prior to trial through a motion in limine and other filings, and again objected to his testimony during the trial in November 2017. Halozyme argues that Dr. Forrest's fees for travel and trial preparation during the first two weeks of November 2017 was excessive and unnecessary given Dr. Forrest's testimony was largely excluded, resulting in just a single page of trial transcript testimony.

Alternatively, USPTO argues that Dr. Forrest's opinions were not limited to claims no longer at issue in the lawsuit, and this Court ultimately denied Halozyme's motion in limine to exclude Dr.

4

Forrest's testimony at trial. USPTO argues that once Halozyme's motion in limine was denied, it was reasonable for USPTO to advise Dr. Forrest to prepare for and appear at trial. USPTO argues it had a good faith belief that the opinions laid out by Dr. Forrest in his expert report were relevant to the issues at trial, and Dr. Forrest did in fact testify at trial.

This Court agrees with the USPTO. When the Court denied Halozyme's motion in limine to exclude Dr. Forrest's testimony, it was reasonable for Dr. Forrest to prepare to testify at trial. Furthermore, Dr. Forrest ultimately testified at trial and the limitations on his testimony were not known by USPTO until Halozyme's final objections were ruled on at trial. For these reasons, the expenses for Dr. Forrest's preparation and attendance at trial cannot be deemed unreasonable and should be recoverable by USPTO.

Second, USPTO filed a motion to stay consideration of personnel expenses. Because there is binding precedent as to the specific issue of whether Halozyme is required to incur the costs of USPTO's personnel expenses, this Court finds staying consideration of the issue would be inappropriate.

In NanKwest, Inc. v. Iancu, 898 F.3d 1177 (Fed. Cir. 2018)(en banc), the Federal Circuit held "all expenses of the proceedings" under 35 U.S.C. § 145 does not include reimbursement of the USPTO's personnel expenses. NantKwest, at 1180. The NantKwest decision is

5

binding authority, and this Court must adhere to it. USPTO requests this Court stay consideration of the personnel expenses issue until the DOJ decides whether it will seek certiorari in the NantKwest case, or until which time the NantKwest case is final. Halozyme argues staying consideration of the personnel expenses issue should be denied because of the binding authority in NantKwest. Halozyme also argues a stay would prejudice Haolzyme by continuing to leave uncertainty as to whether it may at some point in the future be liable to pay USPTO personnel fees totaling $243,524.50.

This Court agrees with Halozyme that there is binding precedent on the issue and finds it would be inappropriate to stay the current case while the DOJ decides if it is going to challenge the NantKwest decision. NantKwest is binding authority, and therefore, Halozyme does not bear the burden of paying for the personnel expenses incurred by the USPTO in this case.

For the aforementioned reasons, this Court concludes that Halozyme is required to pay the entirety of the USPTO and DOJ's non-personnel expenses totaling $474,324.72; and Halozyme does not bear the burden of paying the personnel expenses of the USPTO. Therefore, USPTO's motion for expenses is granted and USPTO's motion to stay consideration of personnel expenses is denied. An appropriate order shall issue.

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 23, 2018